**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CAROLYN NICHOLS, IVAN NICHOLS** | § | **PLAINTIFFS** |
| **and CHAD NICHOLS** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 1:06CV083LG-RHW** |
| | § | |
| **FNIS FLOOD SERVICES, L.P. and** | § | **DEFENDANTS** |
| **BANCORPSOUTH BANK** | § | |

**<u>MEMORANDUM OPINION AND ORDER OF
DISMISSAL FOR LACK OF JURISDICTION</u>**

THIS MATTER IS BEFORE THE COURT SUA SPONTE pursuant to FED. R. CIV. P.

12(h)(3).  After consideration of the pleading and records on file it is the opinion of the Court

that this matter should be dismissed for lack of jurisdiction.

DISCUSSION

Plaintiffs are owners of an apartment complex and residents of the Mississippi Gulf

Coast.  According to the complaint, in 2005, they decided to refinance the apartment complex

loan.  During the loan process FNIS, a Texas corporation, certified that Plaintiffs' property was

not located in a special flood hazard area.  Based upon this determination, Plaintiffs did not

purchase flood insurance.  On August 29, 2005, Plaintiffs' property was severely damaged by

Hurricane Katrina's flood waters.  It was after the storm that Plaintiffs discovered that their

property was actually located within the special flood hazard area.  Plaintiffs have alleged

claims for negligent and intentional misrepresentation and breach of contract.  According to the

complaint, had the Defendants correctly identified the Plaintiffs' property as within a special

hazard area, Plaintiffs would have been required by the lender to obtain flood insurance.

Plaintiffs sought leave of court to amend the complaint.  The motion to amend was

granted by the Magistrate Judge as unopposed.  In the amended complaint Plaintiffs named

BancorpSouth, a Mississippi banking corporation as a defendant.  Recognizing the absence of

complete diversity, Plaintiffs have filed a motion to remand the case to Circuit Court of Harrison

County, Mississippi.  Defendants object to remand and argue that this Court has federal question

jurisdiction over Plaintiffs' claims under the National Flood Insurance Program ("NFIP").

First, the Court notes that this matter was originally filed in the United States District

Court for the Southern District of Mississippi.  It was not removed from the Circuit Court of

Harrison, County, Mississippi.  A case may be remanded only to the court from which it was

removed and the federal district court does not have the authority to remand a case originally

brought in federal court.  *See First National Bank of Pulaski v. Curry,* 301 F.3d 456, 467 (6th Cir.

2002).  In addition, when Plaintiffs amended their lawsuit to add BancorpSouth as a defendant,

complete diversity was destroyed just as surely as if they had brought the claims against the non-

diverse defendant in the original complaint.  *See Owen Equipment & Erection Co. v. Kroger,* 437

U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *American Fiber & Finishing, Inc. v. Tyco*

*Healthcare Group, LP*,  362 F.3d 136, 141 (1st Cir. 2004).

Defendants argue that this Court has exclusive original federal question jurisdiction over

Plaintiffs' claims under the NFIA.  The NFIA was enacted to make flood insurance available to

persons in flood-prone areas.  Flood insurance policies issued under NFIA are called Standard

Flood Insurance Policies (SFIPs).  By regulation, private insurance companies, referred to as

Write-Your Own insurance companies (WYO),  may provide SFIPs in their own names but may

not alter, vary or waive the terms of the SFIP.  Federal district courts have original exclusive

jurisdiction over disputes concerning the handling of SFIP claims.  42 U.S.C. § 4072.

Additionally, the NFIA preempts any state law cause of action based upon the handling of SFIP claims. *See Gallup v. Omaha Property and Casualty Ins. Co.,* 434 F.3d 341 (5th Cir. 2005).

Clearly, Plaintiffs' complaint states no cause of action related to the handling of an SFIP claim since there is no SFIP upon which to make such a claim.  Moreover, Defendants' contention that this Court has federal question jurisdiction over Plaintiffs' complaint because it implicates substantial questions of significant federal interest is unpersuasive.

Generally, under 28 U.S.C. § 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).  However, under the "artful pleading doctrine," a plaintiff may not avoid federal jurisdiction merely by omitting to plead necessary federal questions in his complaint. *See Franchise Tax Bd.,* 463 U.S. at 22, 103 S.Ct. at 2852- 53.  Of course, the mere presence of a federal issue "does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. V. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d. 650 (1986).

The gravamen of Plaintiffs' complaint is the failure of FNIS and BancorpSouth to accurately identify their apartment complex as property within a flood hazard area causing Plaintiffs' failure to procure flood insurance.  Courts have repeatedly held that claims which relate to the procurement of flood policies do not give rise to federal jurisdiction under the NFIA. *See Seruntine v. State Farm Fire & Cas.Co.,* 2006 WL 2228947 (E.D.La. 2006); *Cosse v. B.G. Matte,* 2006 WL 1968868 (E.D.La. 2006); *Landry v. State Farm Fire & Cas. Co.,* 428 F.Supp.2d 531, 534-36 (E.D.La . 2006); *Corliss v. South Carolina Ins. Co.,* 2004 WL 2988497 (E.D.La.2004); *Elizabeth v. USAA Gen. Indem. Co.,* 2002 WL 31886719 (E.D.La. 2002) *see also*

*Waltrip v. Brooks Agency, Inc.,* 417 F.Supp.2d 768, 770 (E.D.Va. 2006); *Roybal v. Los Alamos National Bank,* 375 F.Supp.2d 1324, 1332-33 (D.N.M. 2005).  Any discussion in Plaintiffs' complaint about the NFIA is, at best peripheral to Plaintiffs' state law claims against these Defendants.

Finally, the Court expresses no opinion on BancorpSouth's quiescent defense under 42 U.S.C. § 4104b(e)[1].  Instead, the Court notes that it is well established that federal question jurisdiction is not created through a plaintiff's anticipation of a federal defense. *See, e.g., Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998);  *Hart v. Bayer Corp.* 199 F.3d 239, 244 (5th Cir. 2000)(holding that the mere fact that a given federal law might "apply" or even provide a federal defense to a state-law cause of action, is insufficient alone to establish federal question jurisdiction); *see also City of McComb v. Myers*, 122 Fed.Appx. 698, 699, 2004 WL 2790619, 1 (5th Cir. 2004).

---

[1] 42 U.S.C. § 4104b(e) provides:

(e) Reliance on previous determination

Any person increasing, extending, renewing, or purchasing a loan secured by improved real estate or a mobile home may rely on a previous determination of whether the building or mobile home is located in an area having special flood hazards (and shall not be liable for any error in such previous determination), if the previous determination was made not more than 7 years before the date of the transaction and the basis for the previous determination has been set forth on a form under this section, unless--

**(1)** map revisions or updates pursuant to section 4101(f) of this title after such previous determination have resulted in the building or mobile home being located in an area having special flood hazards; or

**(2)** the person contacts the Director to determine when the most recent map revisions or updates affecting such property occurred and such revisions and updates have occurred after such previous determination.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the above styled and

numbered cause should be, and is hereby **DISMISSED FOR LACK OF JURISDICTION.**

**SO ORDERED AND ADJUDGED** this the 27th day of September, 2006.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE